NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| DARRELL N., | ) |
| | ) Supreme Court No. S-17370 |
| Appellant, | ) |
| | ) Superior Court No. 4FA-17-02219 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| JOLINA N., | ) AND JUDGMENT* |
| | ) |
| Appellee. | ) No. 1764 – May 13, 2020 |
| | ) |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Bethany Harbison, Judge.

Appearances: Margaret O'Toole Rogers, Foster & Rogers, LLC, and Mila A. Neubert, Neubert Law Office, LLC, Fairbanks, for Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I.    INTRODUCTION

Divorcing parents disputed custody of their minor child. Following trial, the superior court found that the father had committed acts of domestic violence, and it granted the mother sole legal custody and primary physical custody of the child; the father was given supervised visitation pending his satisfaction of certain conditions. The custody order was premised on the assumption that the mother would soon be moving to California, as she had testified at trial. The father appeals, arguing that the court

---

\*      Entered under Alaska Appellate Rule 214.

abused its discretion by (1) discounting the testimony of his treating psychological associate about his likelihood of committing abuse in the future; (2) refusing to allow his counselor to give expert testimony about his likelihood of successfully completing a batterers' intervention program; and (3) failing to set out an alternative custody arrangement in the event the mother and child remained in Alaska.

We conclude that the superior court did not clearly err in its findings of fact about the psychological associate's testimony and that whether the counselor should have been allowed to testify as an expert is moot. We also conclude that the court did not abuse its discretion when scheduling custody and visitation. We therefore affirm the superior court's custody order.

## II. FACTS AND PROCEEDINGS

Jolina N. filed for divorce from her husband, Darrell N.[1] They had been married for four years and had a young son, L.D.[2] The superior court scheduled a trial to resolve issues of financial support, property division, and child custody. The pretrial order required the parties to exchange witness lists including the "areas of expertise" of testifying experts.

Trial began in late April 2018 and lasted five days. Jolina sought primary physical custody of L.D. She alleged that Darrell had been abusive emotionally, physically, and sexually and that he drank heavily. She testified that she intended to move with L.D. to California once she secured a job and could afford to make the move.

Darrell denied the allegations of domestic violence and alcohol abuse. He argued that he was an "involved, loving parent" and requested shared custody. He called

---

[1]     We use initials in lieu of the parties' last names to protect the family's privacy.

[2]     Initials have been used to protect the son's identity.

five witnesses to testify on his behalf, including a licensed psychological associate. The psychological associate was qualified as an expert and testified that he had conducted a psychological evaluation of Darrell. Based on the results, the psychological associate concluded that Darrell did not pose a risk of committing physical child abuse or neglect and that there was "nothing to impair [Darrell's] ability to parent effectively."

Darrell also called a counselor who had been working with him in a batterers' intervention program.[3] When Darrell asked the court to qualify the counselor as an expert witness, Jolina objected, citing his failure to identify the counselor as an expert in his pretrial witness list. The court allowed the counselor to testify only as a fact witness. She testified that Darrell had been attending counseling regularly and would likely complete the batterers' intervention program in May or June.

Later in the trial Darrell asked to recall the counselor as a "treating expert," who would be allowed to testify based on her experience with Darrell despite the lack of the pretrial expert disclosures required of a retained expert.[4] Darrell represented that the counselor would give it as her expert opinion — not just her lay expectation — that he was on track to successfully complete the batterers' intervention program. The court found that Darrell "provided adequate notice that someone from [the batterers' intervention program] might be called, but not necessarily as an expert; in fact, not as an expert." Finding that allowing the counselor to testify as an expert would not be "fair

---

[3] A parent with a history of committing domestic violence must complete a batterers' intervention program to rebut the presumption that the parent may not be awarded sole or joint legal or physical custody of a child. *See* AS 25.24.150(g) (stating rebuttable presumption); AS 25.24.150(h) (providing that rebuttable presumption may be overcome by meeting several requirements, including "successfully complet[ing] an intervention program for batterers").

[4] *See* Alaska R. Civ. P. 26(a)(2)(B) (requiring disclosure of an expert report for retained expert witnesses but not for treating experts).

to trial preparation done by [Jolina]," the court refused Darrell's request to recall the counselor.

Following trial the court issued its written order on custody, visitation, and child support. The court found that Darrell abused alcohol and was violent when drinking. It found that Jolina had proved by a preponderance of the evidence at least five alleged incidents of domestic violence against her and L.D. The court analyzed the best interests factors as required by AS 25.24.150(c) and awarded Jolina sole legal and primary physical custody of L.D.

The court granted Darrell supervised visitation, which would change to unsupervised visitation once he demonstrated that he had met certain conditions: completing the batterers' intervention program (which the court recognized he had done since the trial); obtaining a current substance abuse assessment and complying with all its recommendations; and establishing that he was no longer abusing alcohol. Until Jolina and L.D. moved out of state, Darrell was entitled to supervised visits twice a week. After the move Darrell was allowed "liberal supervised visitation" whenever he traveled to California to visit. The court outlined a visitation schedule for winter, spring, and summer breaks once Jolina and L.D. moved and Darrell established that he was no longer abusing alcohol.

Darrell filed a motion for reconsideration. The court reconsidered several aspects of the child support award but denied Darrell's motion as it related to custody and visitation. Darrell appeals; Jolina did not participate in the appeal.

## III. STANDARD OF REVIEW

"The trial court has broad discretion in child custody matters, and its decision 'will be set aside only if the entire record demonstrates that the controlling

findings of fact are clearly erroneous or that the trial court abused its discretion.' "⁵ "A finding of fact is clearly erroneous only when a review of the entire record leaves us with a definite and firm conviction that the trial court has made a mistake."⁶ "We give 'particular deference' to the trial court's factual findings when they are based primarily on oral testimony, because the trial court, not this court, performs the function of judging the credibility of witnesses and weighing conflicting evidence."⁷ "Conflicting evidence is generally insufficient to overturn the superior court, and we will not reweigh evidence when the record provides clear support for the superior court's ruling."⁸ "Abuse of discretion is established if the trial court considered improper factors in making its custody determination, failed to consider statutorily mandated factors, or assigned disproportionate weight to particular factors while ignoring others."⁹

## IV.  DISCUSSION

### A.   The Superior Court Did Not Clearly Err In Its Weighing Of The Psychological Associate's Testimony And Evaluation.

Darrell first argues that the superior court failed to give the psychological associate's evaluation of him sufficient weight.  The psychological associate concluded

---

[5]     *Joy B. v. Everett B.*, 451 P.3d 365, 368 (Alaska 2019) (quoting *Hamilton v. Hamilton*, 42 P.3d 1107, 1111 (Alaska 2002)).

[6]     *Stephanie W. v. Maxwell V.*, 274 P.3d 1185, 1189 (Alaska 2012) (quoting *Evans v. Evans*, 869 P.2d 478, 479 (Alaska 1994)).

[7]     *Rego v. Rego*, 259 P.3d 447, 452 (Alaska 2011) (quoting *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005)).

[8]     *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 254 P.3d 1095, 1103 (Alaska 2011) (quoting *Maisy W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 175 P.3d 1263, 1267 (Alaska 2008)).

[9]     *Hamilton*, 42 P.3d at 1111.

that Darrell did not pose a risk of physical child abuse or neglect and that there was "nothing to impair [Darrell's] ability to parent effectively." In the order denying Darrell's motion for reconsideration, the court explained that it gave little weight to the evaluation because Darrell had given the psychological associate some inaccurate information, "compromis[ing] the validity of the results."

The record supports the court's finding. The psychological associate agreed at trial that his testing was "largely based on [Darrell's] self report." The court found that Darrell committed a number of physical and sexual assaults against Jolina, identifying three in 2014 and 2015 and finding that there were others "on several occasions" involving "fear of physical injury by means of a gun and also by striking her, causing her pain"; the court also found that Darrell physically assaulted L.D. The psychological associate's evaluation, however, reported only Darrell's version of two instances of domestic violence. The evaluation also reported that Darrell "denied having any history of problems with alcohol," in fact denying its use, which conflicted with the court's findings that "Darrell abuses alcohol" and that this "has directly affected the emotional and physical well-being of L.D." The psychological associate also reported that Darrell had been married twice before his marriage to Jolina, whereas Darrell admitted at trial that his marriage to Jolina was his fifth. Given its own findings made on the basis of the trial testimony, the court did not clearly err by concluding that Darrell's self-reporting to the psychological associate lacked candor in several important respects.

Darrell notes that the psychological evaluation had built-in validity scales designed to insulate the results from the effect of inaccurate information and that his results showed responses "well within those validity scales." But the psychological associate conceded at trial that the validity of the results could "absolutely" be challenged if different facts came to light; "that's why I . . . put in the report . . . that my

conclusions are based on the information provided to me[,] [the] behavioral observations made during the time in the evaluation[,] and the results of the psychological testing." The superior court was entitled to weigh the evaluation with the psychological associate's own professional caveat in mind.

The superior court is in the best position to weigh conflicting evidence, and "we will not reweigh evidence when the record provides clear support for the superior court's ruling."[10] Given its factual findings, which are not clearly erroneous, we conclude that the superior court did not clearly err by giving too little weight to the psychological associate's testimony and evaluation.

## B. Whether The Superior Court Abused Its Discretion By Refusing To Allow Darrell's Counselor To Testify As An Expert Is Moot.

Darrell next takes issue with the superior court's refusal to allow his counselor to testify as an expert witness. Darrell argues that the preclusion of the counselor's testimony was essentially a sanction under Alaska Civil Rule 37(b)(3) for violating the pretrial order[11] and that the superior court erred by failing to consider less serious sanctions. We conclude that the issue is moot.

Because of the statutory presumption that a parent with a history of committing domestic violence may not be awarded sole or joint legal or physical custody, Darrell argues that the counselor's expert testimony "concerned one of the central issues at trial, i.e., whether Darrell was likely to successfully complete the [batterers' intervention] program and his prognosis for avoiding domestic violence afterwards." But while this was indeed an issue at trial, it was no longer an issue five

---

[10]    *Christina J.*, 254 P.3d at 1103 (quoting *Maisy W.*, 175 P.3d at 1267).

[11]    Civil Rule 37(b)(3) provides, "The court shall not make an order that has the effect of establishing or dismissing a claim or defense or determining a central issue in the litigation unless the court finds that the party acted willfully."

months later when the court issued its written custody order. The order explicitly acknowledged that Darrell had successfully completed the program following trial, had filed a letter of completion, and had "already shown by a preponderance of the evidence that he does not pose a danger of mental or physical harm to [L.D.] if he is not consuming alcohol and that unsupervised visits are in [L.D.'s] best interest if Darrell is sober." The only conditions remaining on Darrell's ability to have unsupervised visitation thus involved the substance abuse assessment, his compliance with its recommendations, and establishing "that he is no longer abusing alcohol" — issues not addressed by the counselor's proposed testimony.

We fail to see how expert testimony about Darrell's likelihood of success in completing the batterers' intervention program and "his prognosis for avoiding domestic violence afterwards" could have resulted in a ruling significantly more favorable to Darrell than the court's ultimate findings that he *had* successfully completed the batterers' intervention program and that he *was* likely to avoid harming L.D. as long as he was sober. In short, the superior court found what Darrell was urging it to find on the issues involving the batterers' intervention program even without the proffered testimony.

"We generally will not consider questions 'where events have rendered the legal issue moot.' "[12] "A claim is moot if it is no longer a present, live controversy, and the party bringing the action would not be entitled to relief, even if it prevails."[13]

---

[12]     *Copeland v. Ballard*, 210 P.3d 1197, 1201-02 (Alaska 2009) (quoting *Kodiak Seafood Processors Ass'n v. State*, 900 P.2d 1191, 1195 (Alaska 1995)).

[13]     *Fairbanks Fire Fighters Ass'n, Local 1324 v. City of Fairbanks*, 48 P.3d 1165, 1167 (Alaska 2002).

Because the issues Darrell wanted his counselor to address as an expert were clearly moot by the time the superior court ruled, we do not consider this point any further.

> **C. The Superior Court Did Not Abuse Its Discretion By Failing To Provide An Alternative Custody And Visitation Arrangement In The Event That Jolina Did Not Move From Alaska.**

Darrell's final argument is that the court abused its discretion by failing to provide an alternative custody and visitation schedule in the event that Jolina did not move or that Darrell completed the court's requirements for unsupervised visitation before she moved. He asks for "a remand for clarification by the trial court after both parties have the opportunity to be heard on what custody schedule would be appropriate now that Darrell has completed his requirements for unsupervised visitation until such time as Jolina actually moves."

We see no abuse of discretion. The parties appeared to agree at trial that Jolina was intent on moving to California; Darrell doubted only her motive for moving, contending that it was to get L.D. away from him. The court could reasonably rely on this record to create a schedule that assumed Jolina's move.

If that assumption proves unfounded, Darrell has a remedy in the superior court. An award of child custody or visitation is subject to modification "if the court determines that a change in circumstances requires the modification of the award and the modification is in the best interests of the child."[14] We have held that the requisite substantial change in circumstances is demonstrated "as a matter of law" when a custodial parent decides to move out of state.[15] Conversely, a substantial change in circumstances *could be* shown by a custodial parent's decision to remain in Alaska when

_____

[14] AS 25.20.110(a).

[15] *Acevedo v. Liberty*, 956 P.2d 455, 457 (Alaska 1998).

the custody order assumed a move. We need not decide that here, as the issue has never been presented to the superior court.

## V.     CONCLUSION

We AFFIRM the superior court's custody, visitation, and support order.